UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No.24-cr-168 (JWB/ECW)

UNITED STATES OF AMERICA,

             Plaintiff,

   v.

TIMOTHY LENNARD GEBHART,

             Defendant.

**PLEA AGREEMENT AND
SENTENCING
STIPULATIONS**

The United States of America and the defendant, Timothy Lennard Gebhart, agree to resolve this case on the terms and conditions that follow. This plea agreement binds only the defendant and the United States Attorney's Office for the District of Minnesota (hereinafter "the United States" or "the Government"). This agreement does not bind any other United States Attorney's Office or any other federal or state agency.

1. **Charges.** The defendant agrees to plead guilty to Counts 1 through 4 of the Indictment. Counts 1 and 2 charge the defendant with Attempted Production and Production of Child Pornography, in violation of 18 U.S.C. § 2251(a) and 2251(e). Count 3 charges the defendant with Distribution of Child Pornography, in violation of 18 U.S.C. § 2252(a)(2). Count 4 charges the defendant with Interstate Communications with Intent to Extort in violation of 18 U.S.C. § 875(d). The defendant fully understands the nature and elements of the crime with which he has been charged.

Upon imposition of sentence, if there are remaining counts, the government agrees to move to dismiss those remaining charges against the defendant contained in the Indictment.

2.    **Factual Basis**. The defendant is pleading guilty because he is in fact guilty of Counts 1 through 4 of the Indictment. In pleading guilty, the defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt and constitute relevant conduct pursuant to the United States Sentencing Guidelines:

a.    The defendant admits that from July 21, 2021, to September 13, 2023, the defendant used Snapchat accounts along with other internet-based applications, social media services, and text messages, to engage minors in sexually-focused conversations, solicit child pornography, and seek sexual encounters with minors. The defendant knew many of the minor girls' and boys' ages because the minors disclosed their ages, or because the ages were apparent from their social media profiles, or both. The defendant acknowledges the minors were between the ages of 14 and 16 years old.

b.    The defendant admits that in his scheme he used multiple aliases, and lied about his age in communications with minor victims to pose as someone younger, including posing as a teenager.

c.    The defendant admits that he attempted to and did knowingly employ, use, persuade, induce, entice, and coerce at least five

2

minors located in Minnesota, Indiana, Texas, and elsewhere, to create and send him images and videos of themselves engaging in sexually explicit conduct. The defendant also admits that in his scheme he knowingly transferred obscene matter depicting sexually explicit material to minors. From July 21, 2021, to September 13, 2023, the defendant attempted to and knowingly groomed, persuaded, induced, enticed, and coerced minor victims in order to produce and receive child pornography. The defendant advanced his scheme by distributing videos depicting gruesome deaths to the minors in order to shock the recipients, by providing gifts, and by threatening to distribute child pornography materials already in existence to his victims' classmates, friends, and family members. The defendant admits that he acted knowingly, and knew his conduct was against the law.

   d.    *Count 1 and Minor A.* The defendant admits that between November 18, 2021, and March 11, 2022, he knowingly employed, used, persuaded, induced, enticed, and coerced Minor A, a 16-year-old girl, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, including a recorded video with the file name "YouCut_20220311_205135693.mp4" that is approximately 3:38 in duration, that depicts Minor A penetrating her anus with her finger and masturbating, with her genitalia captured in the recording. The defendant admits these images and videochat occurred using a Samsung A51 cell phone that was

manufactured outside of the State of Minnesota. The defendant therefore agrees that the images were produced using materials that had been mailed, shipped, and transported in and affecting interstate commerce.

     e.   *Count 2 and Minor B.* The defendant admits that between July 10, 2021, and August 26, 2021, he knowingly employed, used, persuaded, induced, enticed, and coerced Minor B, a 14-year-old girl, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, including a recorded video with the file name "20210826_205859.mp4" that is approximately 27:20 in duration, that depicts Minor B displaying her breasts and genitalia and removing a tampon. The defendant admits these images and videochat occurred using a Samsung A51 cell phone that was manufactured outside of the State of Minnesota. The defendant therefore agrees that the images were produced using materials that had been mailed, shipped, and transported in and affecting interstate commerce.

     f.   *Count 3.* The defendant admits that between November 18, 2021, and September 13, 2023, the defendant knowingly distributed a visual depiction that has been shipped and transported in and affecting interstate and foreign commerce, by computer and cellular phone. The defendant further admits that the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct and the visual depiction is of such conduct.

g.    *Count 4 and Minor A.*  Between November 21, 2021, and September 13, 2023, in the State and District of Minnesota, the defendant knowingly transmitted in interstate and foreign commerce from his residence in the State of Minnesota, with intent to extort from Minor A, things of value, specifically child pornography, a communication containing a threat to damage the reputation of Minor A by sending existing nude photos and videos of Minor A to Minor A's family members.

h.    *Additional Victims.*  The defendant agrees and stipulates that additional victims of his criminal scheme are relevant for purposes of the Guidelines.  To date, the United States has identified at least six minor victims whom the defendant solicited and enticed to produce images and recordings constituting child pornography.  At the time of this filing, the United States is aware of several additional unidentified minor victims depicted in child pornography images stored in the defendant's Snapchat and electronic devices, and attempts to fully identify these victims are ongoing.  The defendant acknowledges that, from at least July 10, 2021 through September 13, 2023, he engaged in an ongoing scheme using the internet to solicit, entice, and intimidate minors in order to produce and receive child pornography from other minor victims.  Additional identified victims include:

- Minor C. The defendant began communicating online with Minor C in June 2021, at which time she informed the defendant she was 14

5

years old. The defendant sent videos of Minor A to Minor C on August 17, 2022, and then asked Minor C to send him videos featuring herself having sex. Minor C then sent him a number of sexually explicit videos. In September 2022, the defendant and Minor C exchanged messages regarding Minor C sending him additional sexually explicit videos of herself.

- Minor D. In May 2023, the defendant sent Minor D a video of an unidentified minor girl masturbating, and asked Minor D if it was her in the video. In June 2023, after discussion between the two parties on Instagram regarding payment, the defendant received (per the specifications he had communicated to Minor D) a 24-second video showing Minor D masturbating.

- Minor E received texts and Snapchat messages from the defendant in 2021 that solicited child sexual abuse material. In July 2022, Minor E stated that she had turned 13 in July 2022. In December 2021, the defendant asked for photos or video of Minor E's genitalia after she messaged that she was menstruating.

- Minor F, began communicating with the defendant in January 2022, when she stated she was 13 years old. In June and July 2022, the defendant repeatedly requested that Minor F send him photos or videos of her genitalia.

6

3.    **Stipulation Regarding Additional Offenses.**  The defendant agrees that the Indictment does not fully encompass the extent of his criminal conduct.  The defendant agrees he is culpable for similar conduct as described in the Indictment involving minor victims other than the minors identified in the Indictment, as described above.  Pursuant to U.S.S.G. § 1B1.2(c), the defendant stipulates to the facts in the Indictment, in the factual basis section above, and in this paragraph.  The defendant further understands and agrees that the conduct involving victims identified in Paragraph 2, subparagraph (h), shall be treated as separate counts of conviction and may therefore result in an increase in the applicable offense level under the U.S. Sentencing Guidelines beyond the parties' stipulations described below.  The defendant acknowledges that the applicable offense level may exceed the maximum of 43.  Should the adjusted offense level in the defendant's presentence investigation report fall below 43, the Government reserves the right to prove up each of the additional offenses committed against the additional stipulated minor victims.  The defendant acknowledges that the United States and the Court have an obligation to accurately calculate the applicable guideline range, and that it shall not be a breach of this agreement for the United States to advocate for an applicable offense level based on conduct involving additional victims not identified in the Indictment or factual basis above.  Additionally, the defendant understands and agrees that he will not be permitted to withdraw from the

7

plea agreement if such stipulations or the identification of additional victims results in higher applicable offense or guideline range. Such conduct may also impact the factors considered in fashioning an appropriate sentence under 18 U.S.C. § 3553(a).

4. **Waiver of Pretrial Motions**. The defendant understands and agrees that the defendant has certain rights to file pre-trial motions. As part of this plea agreement, and based upon the concessions of the United States within this plea agreement, the defendant knowingly, willingly, and voluntarily gives up the right to have any pending motions resolved and to file any additional pre-trial motions in this case. The defendant agrees that, by pleading guilty, he is withdrawing any motions previously filed.

5. **Waiver of Constitutional Trial Rights**. The defendant understands that he has the right to go to trial. At trial, the defendant would be presumed innocent, have the right to trial by jury or, with the consent of the United States and of the Court, to trial by the Court, the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses, the right to subpoena witnesses to testify for the defense, the right to testify and present evidence, and the right to be protected from compelled self-incrimination. The defendant understands that he has the right to an attorney at every stage of these proceedings and, if necessary, one will be appointed to represent him. The defendant understands that he has the right to persist in a plea of not

8

guilty and, if he does so, he would have the right to a public and speedy trial. By pleading guilty, the defendant knowingly, willingly, and voluntarily waives each of these trial rights, except the right to counsel. The defendant understands that a guilty plea is a complete and final admission of guilt and, if the Court accepts the guilty plea, the Court will adjudge the defendant guilty without a trial.

6. **Additional Consequences**. The defendant understands that as a result of this conviction, the defendant could experience additional collateral consequences, such as the loss of the right to carry firearms, the right to vote, and the right to hold public office. If the defendant is not a United States citizen, as a result of a plea of guilty, the defendant may be removed from the United States, denied citizenship, and denied admission to the United States in the future. The defendant has discussed with his attorney the punishments and consequences of pleading guilty, understands that not all of the consequences can be predicted or foreseen, and still wants to plead guilty in this case.

7. **Statutory Penalties**.

a. The defendant understands that Counts 1 and 2 of the Indictment, charging Production and Attempted Production of Child Pornography in violation of 18 U.S.C. § 2251(a) is a felony offense that carries the following statutory penalties:

1) a mandatory minimum of 15 years in prison;

2) a maximum of 30 years in prison;

3) a supervised release term of at least five years up to a maximum supervised release term of life;

4) a maximum fine of $250,000;

5) restitution to victims as agreed to by the parties in this agreement;

6) a mandatory special assessment of $100 under 18 U.S.C. § 3013(a)(2)(A);

7) a mandatory payment of $5,000 to the Domestic Trafficking Victims' Fund if the defendant is found not to be indigent, pursuant to 18 U.S.C. § 3014; and

8) an assessment, pursuant to 18 U.S.C. § 2259(A)(a)(3) of not more than $50,000, depending on the defendant's ability to pay.

b.      The defendant understands that Count 3 of the Indictment, charging Distribution of Child Pornography in violation of 18 U.S.C. § 2252A(a)(2) and 2252A(b)(1) is a felony offense that carries the following statutory penalties:

1) a mandatory minimum of 5 years in prison;

2) a maximum of 20 years in prison;

3) a supervised release term of at least 5 years, up to a maximum supervised release term of life;

4) a maximum fine of $250,000;

5) payment of mandatory restitution as agreed to by the parties in this agreement;

10

6) a mandatory special assessment of $100 under 18 U.S.C. § 3013(a)(2)(a);

7) a mandatory assessment of $5,000 to the Domestic Trafficking Victims' Fund, if the defendant is found not to be indigent, pursuant to 18 U.S.C. § 3014; and

8) an assessment, pursuant to 18 U.S.C. § 2259A(a)(3) of not more than $35,000, depending on the defendant's ability to pay.

c.    The defendant understands that Count 4 of the Indictment, charging Interstate Communications with Intent to Extort, in violation of 18 U.S.C. § 875(d), is a felony offense that carries the following statutory penalties:

1) a maximum of 2 years in prison;

2) a supervised release term of one year;

3) a maximum fine of $25,000; and

4) restitution to victims as agreed to by the parties in this agreement.

8.    **Guidelines Calculations**.  The parties acknowledge that the defendant will be sentenced in accordance with 18 U.S.C. § 3551, *et seq*. Nothing in this plea agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing.  The parties also acknowledge that the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence.

The parties agree that the following Chapter 2 provisions apply:

11

## Count 1 (Production of Child Pornography)

a.    <u>Base Offense Level</u>.  The parties agree that the base offense level for Production of Child Pornography is **32**.  U.S.S.G. § 2G2.1(a).

b.    <u>Specific Offense Characteristics</u>. The parties agree that the following upward adjustments to the offense level apply:

(i) **2 levels** because the defendant knowingly engaged in distribution.  U.S.S.G. § 2G2.1(b)(3).

(iii) **2 levels** because the offense involved the knowing misrepresentation of the defendant's identity in order to persuade, induce, entice, or coerce a minor to engage in sexually explicit conduct, or the use of a computer or an interactive computer service to persuade, induce, entice, coerce, or facilitate the travel of a minor to engage in sexually explicit conduct, or to otherwise solicit participation by a minor in such conduct, or to solicit participation with a minor in sexually explicit conduct.

c.    According to the foregoing, the total offense level for Count 1 would be **36**.

## Count 2 (Production of Child Pornography)

d.    <u>Base Offense Level</u>.  The parties agree that the base offense level for Production of Child Pornography is **32**.  U.S.S.G. § 2G2.1(a).

e.    <u>Specific Offense Characteristics</u>. The parties agree that the following upward adjustments to the offense level apply:

(i) **2 levels** because the offense involved a minor who had not attained the age of 16 years.  U.S.S.G. § 2G2.1(b)(1)(A).

(ii) **2 levels** because the offense involved the knowing

misrepresentation of the defendant's identity in order to persuade, induce, entice, or coerce a minor to engage in sexually explicit conduct, or the use of a computer or an interactive computer service to persuade, induce, entice, coerce, or facilitate the travel of a minor to engage in sexually explicit conduct, or to otherwise solicit participation by a minor in such conduct, or to solicit participation with a minor in sexually explicit conduct. U.S.S.G. § 2G2.1(b)(6)(A).

f.    According to the foregoing, the total offense level for Count 2 would be **36**.

### Count 3 (Distribution of Child Pornography)

g.    <u>Base Offense Level</u>. The parties agree that the base offense level for Distribution of Child Pornography is **22**. U.S.S.G. § 2G2.2(a)(2).

h.    <u>Specific Offense Characteristics</u>. The parties agree that the following upward adjustments to the offense level apply:

(i) **7 levels** because the offense involved distribution to a minor that was intended to persuade, entice, coerce, or facilitate the travel of, the minor to engage in prohibited sexual conduct. U.S.S.G. § 2G2.1(b)(3)(E).

(ii) **4 levels** because the offense involved material that portrays sadistic or masochistic conduct or other depictions of violence. U.S.S.G. § 2G2.2(b)(4).

(iii) **2 levels** because the offense involved the use of a computer or an interactive computer service for the possession, transmission, receipt, or distribution of the material. U.S.S.G. § 2G2.2(b)(6).

(iv) **5 levels** because the offense involved 600 or more images. U.S.S.G. § 2G2.2(b)(7)(D).

13

i.    According to the foregoing, the total offense level for Count 3 would be **40.**

**Count 4 (Interstate Communications with Intent to Extort)**

j.    <u>Base Offense Level</u>.  The parties agree that the base offense level for Interstate Communications with Intent to Extort is **9**.  U.S.S.G. § 2B3.3(a).

k.    <u>Specific Offense Characteristics</u>. The parties agree that no upward adjustments to the offense level apply.

l.    According to the foregoing, the total offense level for Count 4 would be **9**.

m.    <u>Grouping</u>.  Under U.S.S.G. § 3D1.2(c), Count 3 is grouped with Count 1 because the Distribution of Child Pornography count embodies conduct that is treated as a specific offense characteristic in, or other adjustment to, the guideline applicable to Production and Attempted Production of Child Pornography.  Count 2 does not group under U.S.S.G. § 3D1.2(a)-(d).  Count 4 does not group under U.S.S.G. § 3D1.2(a)-(d).

Pursuant to § 3D1.4, the combined offense level is determined by taking the offense level applicable to the group with the highest offense level and increasing that by the appropriately weighted number of units.  Here, the combined offense level (40) is increased pursuant to a multiple count adjustment of **2** levels under § 3D1.4.  The parties understand that if at least a 2-level adjustment applies, then the combined offense level may be **42 (40+2)**.

n.    <u>Chapter 3 Adjustments.</u>  The parties agree that, other than acceptance of responsibility, no Chapter 3 adjustments apply.

o.    <u>Repeat and Dangerous Sex Offender Against Minors.</u> The parties agree that a **5-level** upward adjustment applies to the above calculation because the instant offenses include covered sex crimes, neither U.S.S.G. §§ 4B1.1 nor 4B1.5(a) apply, and the defendant engaged in a pattern of activity involving prohibited sexual conduct. U.S.S.G. § 4B1.5(b)(1).

p.    <u>Acceptance of Responsibility.</u> The government agrees to recommend that the defendant receive a **2-level** reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a).    As the defendant has timely notified the government of the defendant's intention to enter a plea of guilty, the government agrees to recommend that the defendant receive an additional **1-level** reduction pursuant to U.S.S.G. § 3E1.1(b).  Whether these reductions will be imposed shall be determined by the Court in its discretion. However, the defendant understands and agrees that the government's recommendations are conditioned upon the following: (1) the defendant testifies truthfully during the change of plea and sentencing hearings; (2) the defendant provides full, complete and truthful information to the United States Probation Office in the pre-sentence investigation; and (3) the defendant engages in no conduct inconsistent with acceptance of responsibility before the time of sentencing.

Nothing in this agreement limits the right of the government, pursuant to U.S.S.G. § 3E1.1 and/or § 3C1.1 to seek denial of a reduction for acceptance of responsibility or an adjustment for obstruction of justice should the defendant engage in any conduct inconsistent with acceptance of responsibility.

q.    <u>Criminal History Category.</u> The parties believe that, at the time of sentencing, the defendant will fall into Criminal History Category **I**.    U.S.S.G. § 4A1.1.    This does not constitute a stipulation, but a belief based on an assessment of the information currently known. The defendant's actual criminal history and related status will be determined by the Court based on the information presented in the Presentence Report and by the parties at the time of sentencing.    The

defendant understands that if the presentence investigation reveals any prior adult or juvenile sentence which should be included within his criminal history under the U.S. Sentencing Guidelines, the defendant will be sentenced based on his true criminal history category, and he will not be permitted to withdraw from this Plea Agreement. U.S.S.G. § 4A1.1.

r.    <u>Guidelines Range</u>. If the adjusted offense level is the maximum 43 **(42+5-3=44, reduced to 43)**, and the criminal history category is **I**, the Sentencing Guidelines recommend a term of life imprisonment. U.S.S.G. Ch. 5 Pt. A. However, the combination of the maximum sentences for each of the counts is **984 months**, which controls. The defendant understands that the statutory mandatory minimum sentence in this matter is **15 years (180 months)**.

s.    <u>Fine Range</u>. If the adjusted offense level is the maximum **43**, the Sentencing Guidelines fine range is $50,000 to $500,000. U.S.S.G. § 5E1.2(c)(3).

t.    <u>Supervised Release</u>. The Sentencing Guidelines require a term of supervised release of at least five years, up to a maximum supervised release term of life. U.S.S.G. § 5D1.2(b)(2); see 18 U.S.C. § 3583(k). The parties agree to recommend a life term of supervised release.

9.    **Revocation of Supervised Release**. The defendant understands that if the defendant were to violate any supervised release condition while on supervised release, the Court could revoke the defendant's supervised release, and the defendant could be sentenced to an additional term of imprisonment up to the statutory maximum set forth in 18 U.S.C. § 3583(e)(3). *See* U.S.S.G. §§ 7B1.4, 7B1.5. The defendant also understands that as part of any revocation, the Court may include a requirement that the

defendant be placed on an additional term of supervised release after imprisonment, as set forth in 18 U.S.C. § 3583(h).

10. **Discretion of the Court**. The foregoing stipulations are binding on the parties, but do not bind the Court. The parties understand that the Sentencing Guidelines are advisory and that their application is a matter that falls solely within the Court's discretion. The Court will make its own determination regarding the applicable Guidelines factors and the applicable criminal history category. The Court may also vary and/or depart from the applicable Guidelines range. If the Court determines that the applicable guideline calculations or the defendant's criminal history category is different from that stated above, the parties may not withdraw from this agreement, and the defendant will be sentenced pursuant to the Court's determinations.

11. **Agreements as to Sentencing Recommendation**. The parties are free to recommend whatever sentence they deem appropriate. The parties reserve the right to make motions for departures under the Sentencing Guidelines or for variances pursuant to 18 U.S.C. § 3553(a) and to oppose any such motions made by the opposing party. If the Court does not accept the sentencing recommendation of the parties, the defendant will have no right to withdraw his guilty plea.

12. **Special Assessment**. The Guidelines require payment of a special assessment in the amount of $100 for each felony count of which the

defendant is convicted, pursuant to U.S.S.G. § 5E1.3. The defendant agrees to pay the special assessment. The defendant also understands that the Court may impose special assessments of $5,000 payable to the Domestic Trafficking Victims' Fund, 18 U.S.C. § 3014, and up to $50,000 pursuant to the Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, 18 U.S.C. § 2259A(a)(3). Imposition of these special assessments is guided by the factors set forth in 18 U.S.C. §§ 3553(a) and 3572, including the defendant's ability to pay.

13. **Restitution Agreement**. The defendant understands and agrees that 18 U.S.C. §§ 2248, 2259, and 3663A(a)(3) apply in this case and that the Court is required to order the defendant to make restitution to the victims of the defendant's offenses. The parties agree that the amount of restitution owed would be determined using 18 U.S.C. §§ 2248 and 2259 to reflect the full amount of the victims' losses. However, there is no known request for restitution from any victim in this case.

14. **Disclosure of Assets.** The defendant will fully and completely disclose to the United States Attorney's Office the existence and location of any assets in which the defendant has any right, title, or interest, or over which the defendant exercises control, directly or indirectly, including those assets held by a spouse, nominee or other third party, or any business owned or controlled by the defendant. The defendant agrees to assist the United States

in identifying, locating, returning, and transferring assets for use in payment of restitution, fines, and forfeiture ordered by the Court. The defendant agrees to complete a financial statement within two weeks of the entry of his guilty plea. The defendant further agrees to execute any releases that may be necessary for the United States to obtain information concerning the defendant's assets and expressly authorizes the United States to obtain a credit report on the defendant to evaluate the defendant's ability to satisfy financial obligations imposed by the Court. If requested by the United States, the defendant agrees to submit to one or more asset interviews or depositions under oath.

15.     **Sex Offender Registration.** The defendant understands that by pleading guilty, he will likely be required to register as a sex offender upon his release from prison as a condition of his supervised release pursuant to 18 U.S.C. § 3583(d). The defendant also understands that independent of supervised release, he may be subject to federal and state sex offender registration requirements and that those requirements may apply throughout his life. See 18 U.S.C. § 2250; 34 U.S.C. § 20901 *et seq.*

16.     **Forfeiture.** Pursuant to 18 U.S.C. § 2253(a) for Counts 1, 2 and 3, and pursuant to 18 U.S.C. § 2428(a) for Count 4, the defendant understands and agrees that the following property is subject to forfeiture:

any visual depiction described in section 2251, 2251A, 2252, 2252A, 2252B or 2260 of Chapter 110, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Chapter 110, United States Code;

any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offenses; and

any property, real or personal, used or intended to be used to commit or to promote (or, for Count 3, to facilitate) the commission of such offenses, or any property traceable to such property.

The defendant agrees that the property subject to forfeiture includes but is not limited to:

a. A Samsung SM-T3377R4 Galaxy Tab 8.0 tablet; and

b. A Samsung Galaxy A51 cell phone, serial number R58N625W18T.

The defendant agrees that these items are subject to forfeiture because they were used to commit Counts 1 through 3 of the Indictment and related stipulated conduct in Paragraph 2. The United States reserves the right to seek forfeiture of substitute assets and to forfeit additional directly forfeitable property. The defendant waives any right to the return of any digital data contained on the electronic devices that are subject to forfeiture.

The defendant agrees that the United States may, at its option, forfeit such property through civil, criminal or administrative proceedings, waives any deadline or statute of limitations for the initiation of any such proceedings, and abandons any interest he may have in the property. The defendant waives

all statutory and constitutional defenses to the forfeiture and waives any right to contest or challenge (including direct appeal, habeas corpus, or any other means) such forfeiture on any grounds.

17.    **Waivers of Appeal and Collateral Attack**.  The defendant hereby waives the right to appeal any non-jurisdictional issues.  This appeal waiver includes but is not limited to the defendant's waiver of the right to appeal guilt or innocence, any issues relating to the change-of-plea proceedings, the sentence imposed, the Guidelines calculations, any restitution obligations, and the constitutionality of the statutes to which the defendant is pleading guilty.  The parties agree, however, that excluded from this waiver is an appeal by defendant of the substantive reasonableness of a term of imprisonment above 540 months' imprisonment.  In addition, if this exception applies because the Court imposed a sentence above 540 months' imprisonment, the defendant may also appeal the Court's Guidelines calculations if they differ from the calculations anticipated in this Plea Agreement.

The defendant also waives the right to collaterally attack his conviction and sentence under 28 U.S.C. § 2255 except based upon a claim of ineffective assistance of counsel. This collateral-review waiver does not operate to waive a collateral challenge under 28 U.S.C. § 2255 based on new legal principles enunciated in Supreme Court case law decided after the date of this Plea

Agreement that are both substantive and have retroactive effect. For purposes of this provision, legal principles that are substantive and retroactive are those that narrow the reach of the offense of conviction and render the defendant's conduct non-criminal or that render the sentence imposed illegal.

The defendant has discussed these rights with the defendant's attorney. The defendant understands the rights being waived, and the defendant waives these rights knowingly, intelligently, and voluntarily.

The United States agrees to waive its right to appeal any sentence except the government may appeal the substantive reasonableness of a term of imprisonment below 540 months' imprisonment.

18.    **FOIA Requests.**    The defendant waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974, 5 U.S.C. §§ 552, 552A.

19.    **Complete Agreement.**    This, along with any agreement signed by the parties before entry of plea, is the entire agreement and understanding between the United States and the defendant. By signing this plea agreement, the defendant acknowledges: (a) that the defendant has read the entire agreement and has reviewed every part of it with the defendant's counsel; (b) that the defendant fully understands this plea agreement; (c) that no promises, agreements, understandings, or conditions have been made or entered into in

connection with his decision to plead guilty, except those set forth in this plea agreement; (d) that the defendant is satisfied with the legal services and representation provided by defense counsel in connection with this plea agreement and matters related to it; (e) that the defendant has entered into this plea agreement freely, voluntarily, and knowingly; and (f) that the defendant's decision to plead guilty in accord with the terms and conditions of this plea agreement is made of the defendant's own free will.

LISA D. KIRKPATRICK
Acting United States Attorney

Date: 3/25/2025

BY:    DAVID M. CLASSEN
Assistant United States Attorney

Date: 3/25/25

TIMOTHY LENNARD GEBHART
Defendant

Date: 3/25/2025

LEE R. JOHNSON
Counsel for Defendant